## TISHMAN v. KLINE.

(Supreme Court, Appellate Term. November 6, 1903.)

**1. BREACH OF EMPLOYMENT—ACTION FOR DAMAGES—EVIDENCE.**

In an action for breach of contract of employment, defendant having discharged plaintiff on the ground that he had not given his exclusive time and attention to his duties as salesman, and the issue being simply whether he had performed his contract to the time of his discharge, plaintiff, who has testified that defendant told him he was discharged, and as a reason accused him of neglecting to call on customers, and that he denied the accusation, and stated his ability to get certificates from customers that he called on them, and, on defendant's saying, "Go ahead," he got them, notwithstanding which defendant said he was discharged, may not introduce the certificates, even for the limited purpose of proving that he got the certificates, this being immaterial, and not disputed.

Appeal from City Court of New York.

Action by Max Tishman against Edward A. Kline. From a judgment on a verdict for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

David J. Gallert and Isaac S. Heller, for appellant.
Louis J. Vorhaus and Joseph Fischer, for respondent.

BISCHOFF, J. This action was for the breach of a contract of employment under which the plaintiff was engaged as a salesman of the defendant's cigars for a stated period. Defendant terminated the employment upon the ground that the plaintiff had not given his exclusive time and attention to the duties assumed by him under the contract, and the question of the plaintiff's right to damages turned simply upon the inquiry whether he had or had not performed the contract to the time of his discharge.

In the course of the plaintiff's examination he testified that the defendant told him he was discharged, and, as a reason, accused him of having neglected to call on customers for the purpose of making sales; that he (plaintiff) denied the accusation, and stated his ability to get "certificates" from customers showing that he had called upon them, to which the defendant said "Go ahead," but that when he procured and produced these "certificates" the defendant only repeated, "You are discharged." These "certificates," signed statements of customers that the plaintiff had seen them on the defendant's business at certain times, were admitted in evidence against the objection of the defendant, and, while the offer was limited, and not to prove their contents, their admission was none the less error of a prejudicial nature. It is apparent that, unless these papers had a legitimate bearing upon some question in the case (to which they might be limited), their presentation to the jury must have been harmful to the defendant. The contents of the papers, obviously incompetent, might readily be taken by the jury to support the plaintiff's evidence upon the strongly disputed issue of his actual performance of the contract in suit, and the ground upon which this evidence was brought into the case was actually no ground. The plaintiff's statement that he procured the certificates was not ma-

terial to the issue, and the papers were offered to support this immaterial statement. If he had not performed his contract, he could not claim damages for his discharge, and his diligence in procuring "certificates" of this kind could not affect the propriety of the discharge, which depended simply upon the fact of his having performed his duties. That the defendant said "Go ahead" when the plaintiff stated his ability to get the certificates, could not amount to an agreement that the fact of his performance should be made to rest upon his success in inducing customers so to certify, nor did it alter the absolute right of the defendant to discharge him if the discharge were justified by nonperformance of his duties. Moreover, even if the plaintiff's statement that he procured certificates were material in some possible aspect, the fact that he procured them was not disputed when these papers were offered to corroborate him, nor was it disputed at any stage of the trial. His credit, as to this statement, was not impeached by the circumstances, and no ground for the introduction of evidence to support his credibility was afforded. Unless and until he was contradicted, the plaintiff's testimony on this point was to be deemed true, for there was no inherent improbability in what he said, nor reason to doubt it. Corroboration, before his credibility was assailed, had no place, and, in the first instance, there was no ground for admitting this proof. Re People v. Vane, 12 Wend. 78. In view of the very prejudicial character of evidence of this kind, it should certainly not be admitted without some apparent reason, and, assuming that the matter appealed to the court's discretion in the order of proof, the admission of this evidence, under the circumstances, exceeded the bounds whereby the reasonable exercise of discretion is limited.

We conclude that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.